UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFFREY MARK MCMEEL, Plaintiff, | Case No. 2:26-CV-01573-RAJ |
| Plaintiff, | **DEFENDANT'S ANSWER TO AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND OTHER RELIEF** |
| v. | |
| LOWES HOME CENTERS LLC, | |
| Defendant. | |

Defendant, LOWE'S HOME CENTERS LLC ("Lowe's"), by and through their attorneys, Seyfarth Shaw LLP, hereby submits the following Answer to Plaintiff's Amended Complaint as follows:

## RESPONSE SUMMARY OF CLAIMS

The Complaint includes a purported Summary of Claims that does not appear to require a response and is merely argument.

## I.  NATURE OF ACTION AND PROCEDURAL POSTURE

## COMPLAINT ¶1:

This is a civil action for disability discrimination, failure to accommodate, failure to engage in the interactive process, retaliation, discriminatory exclusion from a place of public accommodation, and interference with the exercise of protected rights under the Washington

DEFENDANT'S ANSWER TO AMENDED COMPLAINT FOR
DAMAGES, INJUNCTIVE RELIEF, AND OTHER RELIEF - 1

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

325828871v.2

Law Against Discrimination ("WLAD"), RCW 49. 60 et seq., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq.

**ANSWER:**

This paragraph contains legal conclusions that do not require a response.

**COMPLAINT ¶2:**

Plaintiff originally filed this action in King County Superior Court, State of Washington, Case No. 26-2-11388-2. Defendant thereafter removed the action to this Court. After removal, Plaintiff now amends to assert federal ADA claims alongside his existing Washington-law claims.

**ANSWER:**

Defendant admits Plaintiff filed this action in King County Superior Court as Case No. 26-2-11388-2. Defendant admits Plaintiff amended his Complaint after removal and that the claims asserted speak for themselves. Defendant denies any remaining allegations.

**COMPLAINT ¶3:**

Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission, assigned EEOC Charge No. 551-2026-03160. The EEOC issued a Notice of Right to Sue on May 7, 2026. Plaintiff's ADA claims in this Amended Complaint are asserted within 90 days of receipt of that notice.

**ANSWER:**

Defendant lacks sufficient information to respond to these allegations and therefore denies them.

**COMPLAINT ¶4:**

Plaintiff performed on-site vendor work inside Lowe's stores through a third-party vendor relationship. Although Lowe's was not Plaintiff's payroll employer, Lowe's controlled Plaintiff's store access, on-site conditions, and whether Plaintiff could perform his work inside Lowe's locations.

DEFENDANT'S ANSWER TO AMENDED COMPLAINT FOR
DAMAGES, INJUNCTIVE RELIEF, AND OTHER RELIEF - 2

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

325828871v.2

**ANSWER:**

To the extent Plaintiff alleges Defendant exercised control over conditions of his employment, Defendant denies such allegations. Defendant lacks sufficient information to respond to any remaining allegations and therefore denies them.

**COMPLAINT ¶5:**

After Plaintiff gave Lowe's written notice of disability-related limitations and requested accommodation in August 2025, Lowe's failed to engage in a meaningful interactive process and continued or ratified exclusions, scrutiny, restrictions, and threats that interfered with Plaintiff's ability to work.

**ANSWER:**

Defendant denies it had an obligation to engage in an interactive process with Plaintiff. Defendant denies it continued or ratified exclusions, scrutiny, restrictions, or threats. Defendant lacks sufficient information to respond to any remaining allegations and therefore denies them.

**COMPLAINT ¶6:**

Plaintiff seeks damages, equitable relief, attorney fees and costs if allowed, and such other relief as the Court deems just.

**ANSWER:**

This paragraph contains a prayer for relief that does not require a response. To the extent a response is required, Defendant denies it is liable to Plaintiff for any damages or relief.

## II. PARTIES

**COMPLAINT ¶7:**

Plaintiff Jeffrey Mark McMeel is a resident of Auburn, Washington.  At all times relevant, Plaintiff was a qualified individual with a disability within the meaning of RCW 49. 60. 040 and 42 U.S.C. § 12102, with diagnosed Major Depressive Disorder, PTSD, and Anxiety Disorder — conditions that substantially limit major life activities including working,

DEFENDANT'S ANSWER TO AMENDED COMPLAINT FOR
DAMAGES, INJUNCTIVE RELIEF, AND OTHER RELIEF - 3

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

325828871v.2

concentrating, communicating effectively, and managing stress and anxiety in workplace environments.

**ANSWER:**

Defendant lacks sufficient information to respond to these allegations and therefore denies them.

**COMPLAINT ¶8:**

Defendant Lowe's Home Centers, LLC is a foreign limited liability company organized under the laws of North Carolina, doing business in Washington State and operating Lowe's retail locations in Washington including locations in Puyallup, Bonney Lake, Auburn, and Federal Way relevant to this action.  Defendant employs more than 500 employees and is a covered entity under RCW 49. 60. 040 and 42 U.S.C. § 12111(2) and (5).  Defendant may be served through its registered agent: Corporation Service Company, 300 Deschutes Way SW, Suite 208 MC-CSC1, Tumwater, Thurston County, WA 98501.

**ANSWER:**

This paragraph contains legal conclusions that do not require a response.

**COMPLAINT ¶9:**

At all times relevant, Defendant acted by and through its officers, managers, employees, agents, compliance personnel, human-resources personnel, and store-level representatives acting within the course and scope of their duties, or whose acts Defendant later ratified.

**ANSWER:**

Defendant lacks sufficient information to respond to these allegations and therefore denies them.

### III.   JURISDICTION AND VENUE

**COMPLAINT ¶10:**

This Court has subject-matter jurisdiction over Plaintiff's federal ADA claims under 28 U.S.C. § 1331 and 42 U.S.C. § 12117(a).  This Court also has supplemental jurisdiction over

DEFENDANT'S ANSWER TO AMENDED COMPLAINT FOR
DAMAGES, INJUNCTIVE RELIEF, AND OTHER RELIEF - 4

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

325828871v.2

Plaintiff's Washington-law claims under 28 U.S.C. § 1367 because those claims form part of the same case or controversy.  To the extent applicable, jurisdiction also remains proper under 28 U.S.C. § 1332 based on Defendant's removal of the state-court action.

**ANSWER:**

This paragraph contains legal conclusions that do not require a response.

**COMPLAINT ¶11:**

Venue is proper in the Western District of Washington under 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to these claims occurred in this District, including at Lowe's store locations in Puyallup, Bonney Lake, Auburn, and Federal Way, Washington, and because Plaintiff resides in this District.

**ANSWER:**

This paragraph contains legal conclusions that do not require a response.

### IV.    FACTUAL ALLEGATIONS

**A.  Plaintiff's Work Relationship with Lowe's**

**COMPLAINT ¶12:**

Plaintiff performed lead-generation and related on-site vendor work in Lowe's stores through Allred Heating and Cooling beginning on or about June 22, 2025.  Plaintiff's role required him to be physically present inside Lowe's store locations during store hours to generate leads for Allred's heating, cooling, and electrical services.

**ANSWER:**

Defendant lacks sufficient information to respond to these allegations and therefore denies them.

**COMPLAINT ¶13:**

Although Allred was Plaintiff's payroll employer, Lowe's exercised functional control over Plaintiff's working conditions, including supervision, discipline, enforcement of store-level rules, and the ability to terminate Plaintiff's ability to work by denying store access.

DEFENDANT'S ANSWER TO AMENDED COMPLAINT FOR
DAMAGES, INJUNCTIVE RELIEF, AND OTHER RELIEF - 5

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

325828871v.2

**ANSWER:**

Defendant denies it exercised control over Plaintiff's working conditions. Defendant lacks sufficient information to respond to any remaining allegations and therefore denies them.

**COMPLAINT ¶14:**

Plaintiff's continued ability to earn income in his role was entirely dependent on Lowe's permitting him to access and remain in Lowe's store locations.  Lowe's store-level and district-level personnel held the practical ability to terminate Plaintiff's ability to perform his work by denying or restricting his access to Lowe's premises.

**ANSWER:**

Defendant denies it had any control over Plaintiff's ability to perform his job duties. Defendant lacks sufficient information to respond to the remaining allegations and therefore denies them.

**B.    The Puyallup Exclusion**

**COMPLAINT ¶15:**

In late July 2025, Lowe's excluded or removed Plaintiff from Lowe's Puyallup and interfered with his ability to perform work there.

**ANSWER:**

Defendant lacks sufficient information to respond to these allegations and therefore denies them.

**COMPLAINT ¶16:**

The Puyallup exclusion was imposed without fair investigation and without a reasonable process to verify the underlying complaint.  The escalation was triggered by an unidentified female store employee who was not wearing a company vest or visible identification, did not disclose her name or title, and was not the store manager.  Store manager James was not on duty at the time.  No investigation, dialogue, or prior performance issues justified the district-level escalation that followed.

DEFENDANT'S ANSWER TO AMENDED COMPLAINT FOR
DAMAGES, INJUNCTIVE RELIEF, AND OTHER RELIEF - 6

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

325828871v.2

**ANSWER:**

Denied.

**COMPLAINT ¶17:**

The escalation to district level from an unidentified, unvested employee acting without apparent authority, and in the absence of the store manager, resulted in an exclusion that stripped Plaintiff of access to a Lowe's store location without any meaningful opportunity to respond, contest the allegations, or participate in any review process.

**ANSWER:**

Denied.

**C.    The Bonney Lake Extension**

**COMPLAINT ¶18:**

Lowe's also excluded Plaintiff from Bonney Lake, which further reduced Plaintiff's work territory and ability to perform on-site vendor work.

**ANSWER:**

Defendant lacks sufficient information to respond to these allegations and therefore denies them.

**COMPLAINT ¶19:**

The Bonney Lake exclusion was extended by a Lowe's district manager despite the absence of any reported incident, complaint, or investigation involving Plaintiff at that location. No independent basis for the Bonney Lake exclusion existed.

**ANSWER:**

Defendant lacks sufficient information to respond to these allegations and therefore denies them.

DEFENDANT'S ANSWER TO AMENDED COMPLAINT FOR
DAMAGES, INJUNCTIVE RELIEF, AND OTHER RELIEF - 7

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

325828871v.2

**COMPLAINT ¶20:**

The extension of the ban to Bonney Lake without any independent factual basis demonstrates the disproportionate and pretextual nature of Defendant's response and compounded Plaintiff's loss of work territory and earning opportunity.

**ANSWER:**

Defendant lacks sufficient information to respond to these allegations and therefore denies them.

**COMPLAINT ¶21:**

These exclusions remained unresolved after Plaintiff submitted written disability-accommodation requests and demanded review and restoration of access.

**ANSWER:**

Defendant lacks sufficient information to respond to these allegations and therefore denies them.

**D.      Accommodation Requests, Corporate Notice, and Lowe's Failure to Engage**

**COMPLAINT ¶22:**

On August 2, 2025, Plaintiff made a written request for accommodation under the ADA and Washington State disability law to Lowe's, identifying diagnosed Major Depressive Disorder, PTSD, and Anxiety Disorder, and explaining that the complaint escalation and resulting events had significantly exacerbated his symptoms and fear of retaliation.

**ANSWER:**

Defendant lacks sufficient information to respond to these allegations and therefore denies them.

**COMPLAINT ¶23:**

In that request, Plaintiff asked for accommodations including schedule flexibility, reassurance against retaliation, and support that would permit him to continue working effectively in Lowe's stores.

DEFENDANT'S ANSWER TO AMENDED COMPLAINT FOR
DAMAGES, INJUNCTIVE RELIEF, AND OTHER RELIEF - 8

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

325828871v.2

**ANSWER:**

Defendant lacks sufficient information to respond to these allegations and therefore denies them.

**COMPLAINT ¶24:**

On August 4, 2025, Lowe's Corporate Compliance & Ethics responded in writing, confirming that Lowe's had received and reviewed Plaintiff's communication and had shared it with Associate Relations/Human Resources to review, assign, and investigate.

**ANSWER:**

Defendant lacks sufficient information to respond to these allegations and therefore denies them.

**COMPLAINT ¶25:**

On August 4, 2025, Plaintiff also issued a formal written demand regarding his removal from Lowe's Puyallup, stating that no investigation, dialogue, or prior issues justified the escalation and requesting full complaint documentation and communications between Lowe's and Allred.

**ANSWER:**

Defendant lacks sufficient information to respond to these allegations and therefore denies them.

**COMPLAINT ¶26:**

On August 5, 2025, Plaintiff made a second written accommodation request to Lowe's, again identifying his disabilities and requesting restoration of access to banned stores, flexible schedule or breaks, protection from retaliation, and a safe work environment free from hostile conduct.

**ANSWER:**

Defendant lacks sufficient information to respond to these allegations and therefore denies them.

DEFENDANT'S ANSWER TO AMENDED COMPLAINT FOR
DAMAGES, INJUNCTIVE RELIEF, AND OTHER RELIEF - 9

325828871v.2

**COMPLAINT ¶27:**

Plaintiff followed up on August 5, 2025, requesting the status of the complaint matter, the identity of the reporting individual, and any corrective action Lowe's was considering.

**ANSWER:**

Defendant lacks sufficient information to respond to these allegations and therefore denies them.

**COMPLAINT ¶28:**

Despite receiving multiple written notices, accommodation requests, and formal demands between August 2 and August 5, 2025, Lowe's did not initiate any interactive process, did not identify an ADA coordinator, did not request additional medical documentation, did not schedule any meeting or  discussion, did not restore access to any excluded location, and did not provide any substantive response to Plaintiff's requests.

**ANSWER:**

Defendant denies it had an obligation to engage in an interactive process with Plaintiff. Defendant lacks sufficient information and belief to respond to any remaining allegations and therefore denies them.

**COMPLAINT ¶29:**

Lowe's failure to take these steps after receiving actual corporate-level notice constituted a  complete failure to engage in the interactive process required by Washington law and the ADA.

**ANSWER:**

This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations.

DEFENDANT'S ANSWER TO AMENDED COMPLAINT FOR
DAMAGES, INJUNCTIVE RELIEF, AND OTHER RELIEF - 10

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

325828871v.2

**E.      The November 1 Certified Notice and Continued Silence**

**COMPLAINT ¶30:**

On November 1, 2025, Plaintiff sent a formal ADA notice and request for accommodation by certified mail — tracking number 9589 0710 5270 1503 3453 98 — to Lowe's registered agent, Corporation Service Company, directed to Lowe's HR and Legal Team, specifically identifying unresolved exclusions from the Puyallup and Bonney Lake stores.

**ANSWER:**

Defendant lacks sufficient information to respond to these allegations and therefore denies them.

**COMPLAINT ¶31:**

In that November 1 notice, Plaintiff stated that the exclusions had remained unresolved since his August requests, that Lowe's had failed to engage in the interactive process or review the basis of the exclusions, that the continuing failure constituted ongoing retaliation and interference with his protected rights, and that he continued to work successfully at other Lowe's stores.  Plaintiff requested written confirmation of receipt and identification of an ADA coordinator within ten business days.

**ANSWER:**

Defendant lacks sufficient information to respond to these allegations and therefore denies them.

**COMPLAINT ¶32:**

Lowe's never responded to the November 1 certified notice.  Lowe's silence after certified notice addressed directly to its registered agent and HR and Legal Team constitutes further evidence of deliberate indifference to Plaintiff's accommodation needs, failure to engage, and ratification of the ongoing exclusions and hostility.

DEFENDANT'S ANSWER TO AMENDED COMPLAINT FOR
DAMAGES, INJUNCTIVE RELIEF, AND OTHER RELIEF - 11

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

325828871v.2

**ANSWER:**

This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations. Defendant lacks sufficient information to respond to all remaining allegations and therefore denies them.

**F.    Corporate Ratification**

**COMPLAINT ¶33:**

By August 4, 2025 at the latest, Lowe's had actual corporate-level notice of Plaintiff's disability- related concerns, accommodation requests, and complaints regarding exclusion, retaliation, and hostile treatment.

**ANSWER:**

Denied.

**COMPLAINT ¶34:**

Despite that corporate notice, Lowe's failed to conduct any fair or meaningful investigation into the complaints and exclusions imposed against Plaintiff, failed to provide any substantive response resolving Plaintiff's requests, failed to restore access to any excluded store, and failed to take any remedial action.

**ANSWER:**

Defendant lacks sufficient information to respond to these allegations and therefore denies them.

**COMPLAINT ¶35:**

Lowe's failure to investigate, failure to identify an ADA coordinator, and failure to act after receiving actual corporate notice constituted ratification of the store-level exclusions, restrictions, and post-notice hostility directed at Plaintiff.

**ANSWER:**

This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations.

DEFENDANT'S ANSWER TO AMENDED COMPLAINT FOR
DAMAGES, INJUNCTIVE RELIEF, AND OTHER RELIEF - 12

325828871v.2

**G.    Plaintiff's Cell Phone Use — Context and Supervisor Endorsement**

**COMPLAINT ¶36:**

Plaintiff used his cellphone on the Lowe's sales floor for work-related and disability-related purposes, including entering leads, communicating about work, and addressing issues related to his accommodation needs and protected activity.  Cellphone use was a necessary component of Plaintiff's job functions as a lead generator.

**ANSWER:**

Defendant lacks sufficient information to respond to these allegations and therefore denies them.

**COMPLAINT ¶37:**

Plaintiff's payroll supervisor, Steve Camp of Allred, had previously communicated to Plaintiff that cellphone use on the sales floor was necessary to perform essential job duties and did not support Lowe's store managers' criticism of Plaintiff's phone use.

**ANSWER:**

Defendant lacks sufficient information to respond to these allegations and therefore denies them.

**H.    The Auburn False Accusation and Supervisor Retaliation**

**COMPLAINT ¶38:**

The conduct at issue was not limited to a single store or isolated event.  Plaintiff experienced a continuing pattern of exclusion, restriction, scrutiny, and hostility across multiple Lowe's locations, including Puyallup, Bonney Lake, Auburn, and Federal Way — all after Lowe's had written disability notice on file.

**ANSWER:**

Defendant lacks sufficient information to respond to these allegations and therefore denies them.

DEFENDANT'S ANSWER TO AMENDED COMPLAINT FOR
DAMAGES, INJUNCTIVE RELIEF, AND OTHER RELIEF - 13

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

325828871v.2

**COMPLAINT ¶39:**

On or about November 11, 2025, at Auburn Lowe's, store manager Eric Bibbons accused Plaintiff of being on his phone playing games, told Plaintiff in substance to "greet or get out" of the store, and reported that accusation directly to Plaintiff's payroll supervisor at Allred, Steve Camp.

**ANSWER:**

Defendant lacks sufficient information to respond to these allegations and therefore denies them.

**COMPLAINT ¶40:**

Immediately after the accusation, Plaintiff asked security guard Dominique to review his phone for games. Dominique found no games. This real-time, on-site refutation by a named third-party witness was sufficient to put Auburn store management on notice that the accusation against Plaintiff was false or wholly unsupported.

**ANSWER:**

Defendant lacks sufficient information to respond to these allegations and therefore denies them.

**COMPLAINT ¶41:**

Despite this contemporaneous refutation, Bibbons had already reported the false accusation to Plaintiff's payroll supervisor. Lowe's took no corrective action — no retraction to Steve Camp, no remedial communication to Allred, and no internal discipline or review of Bibbons' conduct.

**ANSWER:**

Defendant lacks sufficient information to respond to these allegations and therefore denies them.

DEFENDANT'S ANSWER TO AMENDED COMPLAINT FOR
DAMAGES, INJUNCTIVE RELIEF, AND OTHER RELIEF - 14

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

325828871v.2

**COMPLAINT ¶42:**

By reporting a false accusation directly to Plaintiff's payroll supervisor at Allred, Bibbons used Plaintiff's employment relationship as a vector for retaliation, exposing Plaintiff to potential adverse employment consequences at Allred based on a false and immediately refuted allegation.

**ANSWER:**

This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations.

**COMPLAINT ¶43:**

Plaintiff alleges the Auburn accusation and the report to Steve Camp were false, pretextual, humiliating, and retaliatory, and formed part of the continuing post-notice scrutiny and interference Defendant allowed or ratified after receiving written disability notice.

**ANSWER:**

This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations.

**I.    The Federal Way Pattern of Retaliation**

**COMPLAINT ¶44:**

During September through November 2025, Plaintiff also faced repeated phone-related rebukes and threats from manager Jim Conlen at Lowe's Federal Way.  These incidents occurred after Lowe's had written disability notice on file.

**ANSWER:**

Defendant lacks sufficient information to respond to these allegations and therefore denies them.

**COMPLAINT ¶45:**

On November 29, 2025, manager Conlen explicitly threatened Plaintiff that he should not be on the cell phone on the floor again.  Given that Plaintiff's phone use was tied to work-related

DEFENDANT'S ANSWER TO AMENDED COMPLAINT FOR
DAMAGES, INJUNCTIVE RELIEF, AND OTHER RELIEF - 15

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

325828871v.2

and disability-related functions, and that Plaintiff's payroll supervisor had previously endorsed that use as necessary for job performance, the Federal Way confrontations were pretextual and retaliatory.

**ANSWER:**

Defendant lacks sufficient information to respond to these allegations and therefore denies them. To the extent this paragraph contains legal conclusions, it does not require a response. To the extent a response is required, Defendant denies the allegations.

**COMPLAINT ¶46:**

The repeated Federal Way phone-related rebukes and threats, viewed in the context of Plaintiff's prior accommodation requests and the Auburn false accusation, demonstrate a pattern of post-notice hostility that was not limited to a single manager or a single incident.

**ANSWER:**

This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations.

**J.    Pattern and Practice Across Four Locations**

**COMPLAINT ¶47:**

Taken together, the following constitute a four-location pattern of exclusion, false reporting, and post-notice hostility: the Puyallup exclusion triggered by an unidentified and unauthorized employee; the district manager's extension of the ban to Bonney Lake without any separate incident; the Auburn false accusation by store manager Bibbons and his direct report to Plaintiff's payroll supervisor; and the repeated Federal Way phone-related rebukes and threats by manager Jim.

**ANSWER:**

This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations.

DEFENDANT'S ANSWER TO AMENDED COMPLAINT FOR
DAMAGES, INJUNCTIVE RELIEF, AND OTHER RELIEF - 16

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

325828871v.2

**COMPLAINT ¶48:**

This pattern extended across multiple stores, multiple managers, and a period of several months following Lowe's receipt of written disability notice at the corporate level. It demonstrates that Lowe's failure to respond to Plaintiff's accommodation requests was not inadvertent, isolated, or the product of a single rogue manager.

**ANSWER:**

This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations.

**COMPLAINT ¶49:**

Lowe's corporate-level acknowledgment of Plaintiff's disability notice on August 4, 2025, followed by months of documented store-level hostility and no corrective action, supports the inference that Lowe's failed to respond to Plaintiff's protected rights after written notice.

**ANSWER:**

This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations.

**K.    Constructive Discharge and Consequential Harm**

**COMPLAINT ¶50:**

Due to the unresolved exclusions, post-notice hostility, false reporting to his supervisor, and continuing instability across Lowe's locations, Plaintiff sought other work and began employment with We Care Daily Clinics on or about November 24, 2025.

**ANSWER:**

Defendant lacks sufficient information to respond to these allegations and therefore denies them. To the extent this paragraph contains legal conclusions, it does not require a response. To the extent a response is required, Defendant denies the allegations.

DEFENDANT'S ANSWER TO AMENDED COMPLAINT FOR
DAMAGES, INJUNCTIVE RELIEF, AND OTHER RELIEF - 17

325828871v.2

**COMPLAINT ¶51:**

Plaintiff's decision to seek alternative employment was a reasonable response to conditions that had become objectively unstable, hostile, and intolerable within Lowe's locations.  A reasonable person with Plaintiff's disabilities would have found continued work objectively intolerable under these circumstances.

**ANSWER:**

Defendant lacks sufficient information to respond to these allegations and therefore denies them. To the extent this paragraph contains legal conclusions, it does not require a response. To the extent a response is required, Defendant denies the allegations.

**COMPLAINT ¶52:**

Plaintiff's subsequent employment instability after leaving the Lowe's environment, including the end of that subsequent employment in February 2026, forms part of the broader consequential harm and destabilization Plaintiff experienced as a proximate result of Defendant's conduct.  Plaintiff made reasonable and good-faith efforts to mitigate his damages, including seeking and obtaining subsequent employment, and any remaining losses were proximately caused by Defendant's conduct.

**ANSWER:**

Defendant lacks sufficient information to respond to these allegations and therefore denies them. To the extent this paragraph contains legal conclusions, it does not require a response. To the extent a response is required, Defendant denies the allegations.

**COMPLAINT ¶53:**

As a result of Lowe's conduct, Plaintiff suffered economic harm, loss of work opportunity, emotional distress, humiliation, anxiety, professional destabilization, and interference with his ability to perform work.  Plaintiff made reasonable and good-faith efforts to mitigate his damages, and any remaining losses were proximately caused by Defendant's conduct.

DEFENDANT'S ANSWER TO AMENDED COMPLAINT FOR
DAMAGES, INJUNCTIVE RELIEF, AND OTHER RELIEF - 18

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

325828871v.2

**ANSWER:**

Defendant lacks sufficient information to respond to these allegations and therefore denies them. To the extent this paragraph contains legal conclusions, it does not require a response. To the extent a response is required, Defendant denies the allegations.

**COMPLAINT ¶54:**

Plaintiff has preserved and documented Lowe's written compliance response, his written accommodation requests, his follow-up communications, the certified November 1 notice, and contemporaneous written summaries of the Auburn and Federal Way incidents.

**ANSWER:**

Defendant lacks sufficient information to respond to these allegations and therefore denies them.

**COMPLAINT ¶55:**

Plaintiff alleges Lowe's either directly committed, continued, ratified, or failed to correct the conduct described above after receiving actual notice.

**ANSWER:**

Defendant lacks sufficient information to respond to these allegations and therefore denies them. To the extent this paragraph contains legal conclusions, it does not require a response. To the extent a response is required, Defendant denies the allegations.

## V.    FIRST CAUSE OF ACTION

**Disability Discrimination / Failure to Reasonably Accommodate /
Failure to Engage in the Interactive Process Washington Law Against Discrimination —
RCW 49.60.180**

**COMPLAINT ¶56:**

Plaintiff realleges paragraphs 1 through 55 as if fully set forth herein.

**ANSWER:**

Defendant incorporates its foregoing responses to Plaintiff's allegations.

DEFENDANT'S ANSWER TO AMENDED COMPLAINT FOR
DAMAGES, INJUNCTIVE RELIEF, AND OTHER RELIEF - 19

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

325828871v.2

**COMPLAINT ¶57:**

Plaintiff is a person with disabilities and/or a person perceived as having disabilities within the meaning of RCW 49. 60. 040, including diagnosed Major Depressive Disorder, PTSD, and Anxiety Disorder.

**ANSWER:**

This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations.

**COMPLAINT ¶58:**

Lowe's had actual written notice of Plaintiff's disability-related conditions and need for accommodation no later than August 4, 2025.

**ANSWER:**

This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations.

**COMPLAINT ¶59:**

Lowe's controlled access to the host worksite and controlled conditions under which Plaintiff could perform his on-site work, functioning as a joint employer, co-employer, or joint controller of Plaintiff's working conditions within Lowe's locations.

**ANSWER:**

This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations.

**COMPLAINT ¶60:**

Plaintiff requested reasonable accommodation, including restoration of store access, protection from retaliation, a safe work environment, and related measures that would allow him to continue working.

DEFENDANT'S ANSWER TO AMENDED COMPLAINT FOR
DAMAGES, INJUNCTIVE RELIEF, AND OTHER RELIEF - 20

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

325828871v.2

**ANSWER:**

This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations.

**COMPLAINT ¶61:**

Lowe's had a duty under Washington law to reasonably accommodate known disability-related limitations and to engage in a meaningful, good-faith interactive process once on notice. That duty arose no later than August 4, 2025.

**ANSWER:**

This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant admits that it has a duty to reasonably accommodate disabilities in certain situations and states that it does so. Defendant denies any remaining allegations in this paragraph.

**COMPLAINT ¶62:**

To the extent Defendant contends Plaintiff was not its direct employee and therefore owed no accommodation obligation under an employment-only theory, Plaintiff alleges in the alternative that Defendant is liable under Washington law on multiple independent grounds. First, Defendant functioned as a joint employer, co-employer, and/or joint controller of Plaintiff's work because Defendant controlled the physical premises where Plaintiff performed all on-site work, set and enforced store-level rules and conduct standards applicable to Plaintiff, controlled whether Plaintiff could access Lowe's locations, and exercised store-level supervision and discipline through its managers. Second, and independently, Defendant is liable under RCW 49. 60. 215 governing places of public accommodation because Washington courts interpret RCW 49. 60. 215 to protect individuals present in a public accommodation for work-related purposes, and Defendant excluded, restricted, and interfered with Plaintiff's presence and ability to perform work in Lowe's stores on the basis of disability. Third, even apart from formal employment status, Defendant received written notice of Plaintiff's disability and

DEFENDANT'S ANSWER TO AMENDED COMPLAINT FOR
DAMAGES, INJUNCTIVE RELIEF, AND OTHER RELIEF - 21

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

325828871v.2

accommodation needs, acknowledged that notice in writing, undertook to investigate, and thereafter continued, ratified, or failed to correct exclusions and post-notice scrutiny affecting Plaintiff's worksite access and working conditions.

**ANSWER:**

This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations.

**COMPLAINT ¶63:**

Lowe's failed and refused to engage in a meaningful interactive process, failed and refused to reasonably accommodate Plaintiff, and continued and/or ratified exclusions and restrictions affecting Plaintiff's access to Lowe's stores and ability to perform his work.

**ANSWER:**

This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations.

**COMPLAINT ¶64:**

Lowe's conduct was a substantial factor in causing Plaintiff harm.  As a direct and proximate result, Plaintiff suffered damages in an amount to be proven at trial.

**ANSWER:**

This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations.

**VI.   SECOND CAUSE OF ACTION**

**Retaliation RCW 49.60.210 and related Washington law**

**COMPLAINT ¶65:**

Plaintiff realleges paragraphs 1 through 64 as if fully set forth herein.

**ANSWER:**

Defendant incorporates its foregoing responses to Plaintiff's allegations.

DEFENDANT'S ANSWER TO AMENDED COMPLAINT FOR
DAMAGES, INJUNCTIVE RELIEF, AND OTHER RELIEF - 22

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

325828871v.2

**COMPLAINT ¶66:**

Plaintiff engaged in multiple forms of protected activity under WLAD, including submitting written disability-accommodation requests on August 2 and August 5, 2025; requesting restoration of access to Lowe's locations; opposing discriminatory and retaliatory treatment; requesting protection from retaliation; demanding review of Lowe's exclusion decisions; and sending certified notice to Lowe's registered agent on November 1, 2025.

**ANSWER:**

This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations.

**COMPLAINT ¶67:**

Lowe's had actual knowledge of Plaintiff's protected activity no later than August 4, 2025, when its Corporate Compliance & Ethics department acknowledged receipt of Plaintiff's written disability notice and forwarded the matter to Associate Relations/Human Resources.

**ANSWER:**

This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations.

**COMPLAINT ¶68:**

After Lowe's had notice of Plaintiff's protected activity, Lowe's continued and ratified unresolved store exclusions and subjected Plaintiff to escalating scrutiny, threats, and hostile restrictions across multiple locations.

**ANSWER:**

This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations.

**COMPLAINT ¶69:**

The Auburn incident on November 11, 2025 and the repeated Federal Way phone-related rebukes and threat on November 29, 2025 occurred after Lowe's had written notice of Plaintiff's

DEFENDANT'S ANSWER TO AMENDED COMPLAINT FOR
DAMAGES, INJUNCTIVE RELIEF, AND OTHER RELIEF - 23

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

325828871v.2

protected activity and accommodation requests, and constituted materially adverse actions that would deter a reasonable person from requesting accommodation or asserting disability rights.

**ANSWER:**

This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations.

**COMPLAINT ¶70:**

Lowe's asserted justifications for its store managers' conduct were false, unsupported, or pretextual.  The Auburn accusation was immediately refuted by a named third-party witness. Despite this real-time refutation, Lowe's failed to correct the false report or take any remedial action.

**ANSWER:**

This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations.

**COMPLAINT ¶71:**

The temporal connection between Plaintiff's protected accommodation activity in August 2025 and the escalating post-notice hostility across multiple stores through November 2025 supports the inference that Lowe's store-level conduct was retaliatory.

**ANSWER:**

This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations.

**COMPLAINT ¶72:**

Lowe's retaliatory conduct was a substantial factor in causing Plaintiff harm.  As a direct and proximate result, Plaintiff suffered damages in an amount to be proven at trial.

**ANSWER:**

This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations.

DEFENDANT'S ANSWER TO AMENDED COMPLAINT FOR
DAMAGES, INJUNCTIVE RELIEF, AND OTHER RELIEF - 24

325828871v.2

## VII.   THIRD CAUSE OF ACTION

**Discriminatory Exclusion / Failure to Reasonably Accommodate in a Place of Public Accommodation RCW 49.60.215 and related Washington law**

**COMPLAINT ¶73:**

Plaintiff realleges paragraphs 1 through 72 as if fully set forth herein.

**ANSWER:**

Defendant incorporates its foregoing responses to Plaintiff's allegations.

**COMPLAINT ¶74:**

Lowe's stores are places of public accommodation under RCW 49. 60. 040(2).

**ANSWER:**

This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations.

**COMPLAINT ¶75:**

Lowe's, by and through its managers, employees, and agents, denied, restricted, interfered with, or withheld Plaintiff's presence and ability to perform his on-site role in Lowe's locations on the basis of disability.

**ANSWER:**

This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations.

**COMPLAINT ¶76:**

Lowe's had actual notice of Plaintiff's disability-related conditions and accommodation needs, yet failed to provide any reasonable accommodation in connection with Plaintiff's access to Lowe's stores or his ability to continue working there.

**ANSWER:**

This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations.

DEFENDANT'S ANSWER TO AMENDED COMPLAINT FOR
DAMAGES, INJUNCTIVE RELIEF, AND OTHER RELIEF - 25

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

325828871v.2

**COMPLAINT ¶77:**

Lowe's used exclusion and store-level restriction rather than engaging in any process to identify a reasonable alternative.

**ANSWER:**

This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations.

**COMPLAINT ¶78:**

Lowe's conduct constituted disability discrimination and discriminatory exclusion from a place of public accommodation under Washington law, independent of any employment relationship.  Washington courts recognize that RCW 49. 60. 215 applies to individuals present in a place of public accommodation for work-related purposes, including vendor representatives.

**ANSWER:**

This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations.

**COMPLAINT ¶79:**

As a direct and proximate result, Plaintiff suffered damages in an amount to be proven at trial.

**ANSWER:**

This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations.

**VIII.   FOURTH CAUSE OF ACTION**

**Interference with Exercise of Disability Rights RCW 49.60.210 and RCW 49.60.215**

**COMPLAINT ¶80:**

Plaintiff realleges paragraphs 1 through 79 as if fully set forth herein.

**ANSWER:**

Defendant incorporates its foregoing responses to Plaintiff's allegations.

DEFENDANT'S ANSWER TO AMENDED COMPLAINT FOR
DAMAGES, INJUNCTIVE RELIEF, AND OTHER RELIEF - 26

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

325828871v.2

**COMPLAINT ¶81:**

Washington law prohibits discrimination, expulsion, restriction, and related interference against a person who opposes practices forbidden by RCW 49. 60, and separately prohibits acts by a place of public accommodation that directly or indirectly result in distinction, restriction, discrimination, or withholding of a person's presence on the basis of disability.

**ANSWER:**

This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations.

**COMPLAINT ¶82:**

Defendant's conduct — including the false accusation reported directly to Plaintiff's payroll employer after disability notice was on file, the repeated threats by Federal Way manager Jim, the continued unresolved store exclusions, and the complete failure to engage in any interactive process despite multiple written requests — constituted interference with Plaintiff's exercise and enjoyment of rights protected under RCW 49. 60. 210 and RCW 49. 60. 215.

**ANSWER:**

This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations.

**COMPLAINT ¶83:**

Defendant's conduct was of a nature that would deter a reasonable person from requesting accommodation, opposing discrimination, or attempting to continue working under protected conditions.

**ANSWER:**

This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations.

DEFENDANT'S ANSWER TO AMENDED COMPLAINT FOR
DAMAGES, INJUNCTIVE RELIEF, AND OTHER RELIEF - 27

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

325828871v.2

**COMPLAINT ¶84:**

Defendant's interference was a substantial factor in causing Plaintiff harm. As a direct and proximate result, Plaintiff suffered damages in an amount to be proven at trial.

**ANSWER:**

This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations.

### IX.    FIFTH CAUSE OF ACTION

**Disability Discrimination — Failure to Reasonably Accommodate
42 U.S.C. § 12112(a) and § 12112(b)(5)(A)**

**COMPLAINT ¶85:**

Plaintiff realleges paragraphs 1 through 84 as if fully set forth herein.

**ANSWER:**

Defendant incorporates its foregoing responses to Plaintiff's allegations.

**COMPLAINT ¶86:**

Plaintiff is a qualified individual with a disability within the meaning of 42 U.S.C. § 12102 and § 12111(8). Plaintiff's diagnosed conditions substantially limit one or more major life activities. Plaintiff was able to perform the essential functions of his lead-generation role with reasonable accommodation.

**ANSWER:**

This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations.

**COMPLAINT ¶87:**

Defendant is a covered entity under 42 U.S.C. § 12111(2) employing more than 500 employees. Defendant exercised sufficient control over Plaintiff's on-site working conditions and store access to constitute an employer or joint employer within the meaning of the ADA.

DEFENDANT'S ANSWER TO AMENDED COMPLAINT FOR
DAMAGES, INJUNCTIVE RELIEF, AND OTHER RELIEF - 28

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

325828871v.2

**ANSWER:**

This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations.

**COMPLAINT ¶88:**

Defendant had actual written notice of Plaintiff's disability and need for accommodation no later than August 4, 2025, when Defendant's own Corporate Compliance & Ethics department acknowledged receipt of Plaintiff's written accommodation request in writing.

**ANSWER:**

This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations.

**COMPLAINT ¶89:**

Plaintiff requested reasonable accommodations including restoration of store access, schedule flexibility, protection from retaliation, and a safe work environment.

**ANSWER:**

This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations.

**COMPLAINT ¶90:**

Defendant failed and refused to provide any reasonable accommodation, constituting disability discrimination under 42 U.S.C. § 12112(b)(5)(A).

**ANSWER:**

This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations.

**COMPLAINT ¶91:**

As a direct and proximate result, Plaintiff suffered damages in an amount to be proven at trial, to the extent permitted by applicable federal law.

DEFENDANT'S ANSWER TO AMENDED COMPLAINT FOR
DAMAGES, INJUNCTIVE RELIEF, AND OTHER RELIEF - 29

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

325828871v.2

**ANSWER:**

This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations.

## X.    SIXTH CAUSE OF ACTION

### Failure to Engage in the Interactive Process
### 42 U.S.C. § 12112(b)(5)(A)

**COMPLAINT ¶92:**

Plaintiff realleges paragraphs 1 through 91 as if fully set forth herein.

**ANSWER:**

Defendant incorporates its foregoing responses to Plaintiff's allegations.

**COMPLAINT ¶93:**

Once an employer receives notice of an employee's disability and need for accommodation, the ADA requires the employer to engage in a good-faith interactive process to identify effective reasonable accommodations.

**ANSWER:**

This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations.

**COMPLAINT ¶94:**

Defendant received actual written notice of Plaintiff's disability and accommodation needs no later than August 4, 2025, and acknowledged that notice in writing.

**ANSWER:**

This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations.

DEFENDANT'S ANSWER TO AMENDED COMPLAINT FOR
DAMAGES, INJUNCTIVE RELIEF, AND OTHER RELIEF - 30

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

325828871v.2

**COMPLAINT ¶95:**

Despite that acknowledgment, Defendant failed to initiate any interactive process, did not identify an ADA coordinator, did not contact Plaintiff to discuss his accommodation needs, did not request additional medical documentation, and did not explore any accommodation options.

**ANSWER:**

This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations.

**COMPLAINT ¶96:**

Defendant's complete failure to engage in the interactive process after receiving actual written corporate-level notice constitutes a violation of 42 U.S.C. § 12112(b)(5)(A).

**ANSWER:**

This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations.

**COMPLAINT ¶97:**

As a direct and proximate result, Plaintiff suffered damages in an amount to be proven at trial.

**ANSWER:**

This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations.

## XI.    SEVENTH CAUSE OF ACTION

**Retaliation and Interference**
**42 U.S.C. § 12203(a) and § 12203(b)**

**COMPLAINT ¶98:**

Plaintiff realleges paragraphs 1 through 97 as if fully set forth herein.

**ANSWER:**

Defendant incorporates its foregoing responses to Plaintiff's allegations.

DEFENDANT'S ANSWER TO AMENDED COMPLAINT FOR
DAMAGES, INJUNCTIVE RELIEF, AND OTHER RELIEF - 31

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

325828871v.2

**COMPLAINT ¶99:**

Plaintiff engaged in protected activity under the ADA by submitting written disability accommodation requests on August 2 and August 5, 2025, opposing discriminatory treatment, demanding review of exclusion decisions, requesting protection from retaliation, and sending certified ADA notice to Defendant's registered agent on November 1, 2025.

**ANSWER:**

This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations.

**COMPLAINT ¶100:**

After Defendant had written notice of Plaintiff's protected activity, Defendant's store managers subjected Plaintiff to escalating scrutiny, false accusations, and hostile treatment across multiple locations — conduct that would deter a reasonable person from requesting accommodation or asserting ADA rights.

**ANSWER:**

This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations.

**COMPLAINT ¶101:**

The Auburn false accusation reported directly to Plaintiff's payroll supervisor, the Federal Way threats, and the continuing unresolved exclusions each independently constitute retaliation and interference under 42 U.S.C. § 12203.

**ANSWER:**

This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations.

DEFENDANT'S ANSWER TO AMENDED COMPLAINT FOR
DAMAGES, INJUNCTIVE RELIEF, AND OTHER RELIEF - 32

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

325828871v.2

**COMPLAINT ¶102:**

Defendant's retaliatory and interfering conduct was a substantial factor in causing Plaintiff to seek alternative employment and suffer the consequential damages flowing from that forced transition.

**ANSWER:**

This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations.

**COMPLAINT ¶103:**

As a direct and proximate result, Plaintiff suffered damages in an amount to be proven at trial.

**ANSWER:**

This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations.

## XII.   DAMAGES

**COMPLAINT ¶104:**

Plaintiff has suffered and continues to suffer lost income, lost work opportunity, emotional distress, humiliation, inconvenience, anxiety, and other general and special damages in an amount to be proven at trial.

**ANSWER:**

This paragraph contains a prayer for relief that does not require a response. To the extent a response is required, Defendant denies it is liable to Plaintiff for any damages or relief.

**COMPLAINT ¶105:**

Plaintiff also seeks equitable relief to prevent continued discriminatory and retaliatory exclusion and to require lawful handling of accommodation requests and worksite -access decisions.

DEFENDANT'S ANSWER TO AMENDED COMPLAINT FOR
DAMAGES, INJUNCTIVE RELIEF, AND OTHER RELIEF - 33

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

325828871v.2

**ANSWER:**

This paragraph contains a prayer for relief that does not require a response. To the extent a response is required, Defendant denies it is liable to Plaintiff for any damages or relief.

**COMPLAINT ¶106:**

As a further result of Defendant's conduct, including unresolved store exclusions, failure to engage in any meaningful accommodation process, false or pretextual reports to Plaintiff's supervisor, and continued post-notice scrutiny and hostility, Plaintiff was forced to seek alternative employment outside the Lowe's environment. Plaintiff's transition to other work was a reasonable response to intolerable and unstable conditions created or ratified by Defendant, and the harms flowing from that forced transition are recoverable as consequential damages.

**ANSWER:**

This paragraph contains a prayer for relief that does not require a response. To the extent a response is required, Defendant denies it is liable to Plaintiff for any damages or relief.

**COMPLAINT ¶107:**

Plaintiff's damages are not limited to direct wage loss, but include emotional distress, humiliation, professional destabilization, interference with work opportunity, and other consequential harms proximately caused by Defendant's conduct.

**ANSWER:**

This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations. This paragraph contains a prayer for relief that does not require a response. To the extent a response is required, Defendant denies it is liable to Plaintiff for any damages or relief.

**COMPLAINT ¶108:**

To the extent the evidence supports such a finding, Defendant's conduct constituted constructive discharge or its functional equivalent by making continued work in Lowe's locations objectively intolerable. Defendant excluded Plaintiff from multiple store locations

DEFENDANT'S ANSWER TO AMENDED COMPLAINT FOR
DAMAGES, INJUNCTIVE RELIEF, AND OTHER RELIEF - 34

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

325828871v.2

without fair investigation; received written notice of Plaintiff's disabilities and accommodation needs; failed to identify an ADA coordinator or engage in any meaningful interactive process; allowed or ratified false reports to Plaintiff's supervisor after disability notice was on file; and subjected Plaintiff to escalating post-notice scrutiny, phone-related confrontations, and threats across multiple stores.  A reasonable person in Plaintiff's position, including a person with Plaintiff's documented disabilities, would have found continued work in Lowe's locations objectively intolerable.

**ANSWER:**

This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations.

**COMPLAINT ¶109:**

For Plaintiff's WLAD claims, Plaintiff seeks damages as provided by Washington law. For Plaintiff's federal ADA claims, Plaintiff seeks compensatory damages to the extent permitted under 42 U.S.C. § 1981a(b)(3), together with back pay, front pay, and equitable relief to the extent allowed by law.

**ANSWER:**

This paragraph contains a prayer for relief that does not require a response. To the extent a response is required, Defendant denies it is liable to Plaintiff for any damages or relief.

## XIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant as follows:

A.    For general damages in an amount to be proven at trial;

B.    For special and economic damages in an amount to be proven at trial;

C.    For emotional-distress damages in an amount to be proven at trial;

D.    For back pay and front pay as equitable remedies to the extent allowed by law;

DEFENDANT'S ANSWER TO AMENDED COMPLAINT FOR
DAMAGES, INJUNCTIVE RELIEF, AND OTHER RELIEF - 35

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

325828871v.2

E.    For declaratory relief that Defendant's conduct violated the Washington Law Against Discrimination, RCW 49.60 et seq., and the Americans with Disabilities Act, 42 U.S.C. §§ 12112 and 12203;

F.    For injunctive and equitable relief requiring Defendant to cease discriminatory and retaliatory conduct, to engage in a lawful accommodation process, and to correct wrongful exclusions or restrictions as appropriate;

G.    For costs of suit;

H.    For attorney fees to the extent allowed by law under RCW 49.60.030(2) and 42 U.S.C. § 12205;

I.    For pre-judgment and post-judgment interest as allowed by law;

J.    For damages arising from Defendant's interference with Plaintiff's exercise and enjoyment of rights protected under RCW 49.60.210 and RCW 49.60.215; and

K.    For such other and further relief as this Court deems just and proper.

**ANSWER:**

This paragraph contains a prayer for relief that does not require a response. To the extent a response is required, Defendant denies it is liable to Plaintiff for any damages or relief.

### XIV.    JURY DEMAND

**COMPLAINT ¶110:**

Plaintiff demands a trial by jury on all issues so triable pursuant to the Seventh Amendment to the United States Constitution, Federal Rule of Civil Procedure 3 8(b), and 42 U.S.C. § 1981a(c).

**ANSWER:**

This paragraph contains a request for jury trial that does not require a response.

### AFFIRMATIVE OR OTHER DEFENSES

1.    **Failure to State a Claim.** Plaintiff fails to state a claim upon which relief may be granted.

DEFENDANT'S ANSWER TO AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND OTHER RELIEF - 36

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

325828871v.2

2.     **Failure to Mitigate.** Plaintiff failed or refused to mitigate his alleged damages or, alternatively, Plaintiff's claims for damages must be offset and/or reduced by any wages, compensation, pay, or benefits, or other earnings, remunerations, profits, and benefits received.

3.     **Avoidable Consequences.** To the extent Plaintiff has any claim for relief, which Defendant denies, any such claim is barred in whole or in part by his failure to undertake reasonable measures to avoid the consequences of the alleged action about which he complains.

4.     **Legitimate Non-Discriminatory, Non-Retaliatory Reasons.** Defendant undertook all challenged actions for legitimate non-discriminatory and non-retaliatory reasons.

5.     **No Vicarious Liability.** To the extent Plaintiff alleges that any of Defendant's employees acted in an unlawful manner, such conduct, if it occurred, was outside the course and scope of that individual's employment, was not authorized or condoned by Defendant, and was undertaken without Defendant's knowledge or consent.

6.     **Laches.** Plaintiff's claims are barred in whole or in part by the doctrine of laches.

7.     **Legitimate Business Reason.** If some impermissible motive were a factor in any employment decision concerning Plaintiff (which Defendant denies), the same decision(s) would have been reached for legitimate business reasons.

8.     **Established Anti-Discrimination Programs.** Throughout the relevant period, Defendant maintained and complied with well-established policies, programs, and procedures for the prevention and detection of unlawful harassment, discrimination, or retaliatory conduct by its employees.

9.     **Prompt, Effective Remedial Action.** Defendant investigated and took steps reasonably calculated to stop any illegal harassment or discrimination when it became aware of Plaintiff's complaints.

10.     **Reservation of Rights.** Defendant reserves the right to assert any additional defenses depending on any evidence discovered in litigation.

DEFENDANT'S ANSWER TO AMENDED COMPLAINT FOR
DAMAGES, INJUNCTIVE RELIEF, AND OTHER RELIEF - 37

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

325828871v.2

DATED: June 5, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By:  *s/ Nicholas Gillard-Byers*

Nicholas A. Gillard-Byers, WSBA #45707
Kirsten Parris, WSBA #55444
999 Third Avenue, Suite 4700
Seattle, WA 98104
Phone:   (206) 946-4910
Emails:   ngillard-byers@seyfarth.com
            kparris@seyfarth.com

Attorneys for Defendant

DEFENDANT'S ANSWER TO AMENDED COMPLAINT FOR
DAMAGES, INJUNCTIVE RELIEF, AND OTHER RELIEF - 38

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

325828871v.2

**CERTIFICATE OF SERVICE**

I hereby declare that on the date below, I caused a copy of foregoing to be filed with US District Court, Western District of Washington ECF e-filing portal and served on the following individuals via electronic mail by  agreement at the address shown:

> Jeffrey Mark McMeel
> PO Box 2434
> Auburn, Washington 98071
> themcmeel@pm.me
>
> *Pro Se Plaintiff*

DATED this 5th day of June, 2026 at Seattle, Washington.

By: _s/ Jonathan Henley_
Jonathan Henley, Legal Support Assistant

DEFENDANT'S ANSWER TO AMENDED COMPLAINT FOR
DAMAGES, INJUNCTIVE RELIEF, AND OTHER RELIEF - 39

325828871v.2