# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| JEFFREY MARK MCMEEL Plaintiff, | Case No.: 2:26-cv-01573-RAJ |
| | |
| vs | COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN<br>(Fed. R. Civ. P. 26(f); LCR 26(f)) |
| LOWE'S HOME CENTERS LLC | |
| Defendant. | |

COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN
(Fed. R. Civ. P. 26(f); LCR 26(f))

PO Box 2434 Auburn, WA 98071

1

Plaintiff Jeffrey Mark McMeel submits this Combined Joint Status Report and Discovery Plan following the parties' Rule 26(f) conference held on May 28, 2026. Plaintiff circulated a draft Joint Status Report to defense counsel on June 7, 2026 and followed up thereafter, but as of filing Defendant had not provided revisions sufficient to complete a fully joint submission. Consistent with the Court's Order, Plaintiff therefore provides this combined report and, where Defendant's position has not been provided, so states.

1. STATEMENT OF THE NATURE AND COMPLEXITY OF THE CASE

Plaintiff's Position:

This is a disability discrimination, retaliation, and civil rights action arising from Defendant Lowe's Home Centers, LLC's alleged failure to accommodate a disabled on-site vendor representative, failure to engage in the interactive process, retaliation against protected accommodation activity, and discriminatory exclusion from multiple store locations.

Plaintiff Jeffrey Mark McMeel performed lead-generation work at Lowe's stores through a vendor relationship with Allred Heating and Cooling beginning June 22, 2025. Plaintiff alleges Lowe's controlled his store access, on-site conditions, and whether he could perform his work. Plaintiff further alleges that beginning in late July 2025, Lowe's excluded him from store locations without fair investigation; that after Plaintiff submitted written ADA accommodation requests in August 2025, Lowe's Corporate Compliance acknowledged receipt in writing on August 4, 2025 but never initiated any interactive process, never identified an ADA coordinator, and never resolved the exclusions; and that post-notice hostility across four store locations followed.

COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN
(Fed. R. Civ. P. 26(f); LCR 26(f))

PO Box 2434 Auburn, WA 98071

Plaintiff's Amended Complaint asserts seven causes of action:

(1) WLAD disability discrimination / failure to accommodate / failure to engage in interactive process;

(2) WLAD retaliation;

(3) WLAD discriminatory exclusion from place of public accommodation;

(4) WLAD interference with exercise of disability rights;

(5) ADA failure to accommodate;

(6) ADA failure to engage in interactive process; and

(7) ADA retaliation and interference.

This case is fact-intensive but not unusually complex. It will require document discovery, electronically stored information production, and depositions, but it is manageable with a standard case schedule.

Defendant's Position:

Not provided as of filing.

2. PROPOSED DEADLINE FOR JOINING ADDITIONAL PARTIES

Plaintiff's Position:

August 14, 2026.

Defendant's Position:

Not provided as of filing.

3. MAGISTRATE JUDGE CONSENT

No.

4. DISCOVERY PLAN (FED. R. CIV. P. 26(f)(3))

A. Exchange of Initial Disclosures

Plaintiff's Position:

Plaintiff has already served his initial disclosures. Defendant's initial disclosures should be served no later than fourteen (14) days after filing of this Report, unless the Court orders otherwise.

Defendant's Position:

COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN
(Fed. R. Civ. P. 26(f); LCR 26(f))

PO Box 2434 Auburn, WA 98071

4

Not provided as of filing.

B. Subjects, Timing, and Potential Phasing of Discovery

Plaintiff's Position:

The parties anticipate discovery on the following subjects:

* the exclusion process at Lowe's Puyallup and Bonney Lake locations;

* Lowe's receipt of and response to Plaintiff's accommodation requests;

* Lowe's ADA accommodation policies, procedures, and training materials;

* the Auburn incident of November 11, 2025;

* the Federal Way phone-related incidents during September through November 2025;

* communications between Lowe's and Allred Heating and Cooling regarding Plaintiff;

* Lowe's vendor management policies, agreements, and access control records;

* electronically stored information from store management, district management, and corporate compliance personnel; and

* Plaintiff's damages.

COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN
(Fed. R. Civ. P. 26(f); LCR 26(f))

PO Box 2434 Auburn, WA 98071

Plaintiff proposes written discovery and document production first, followed by depositions after core documents are produced. Discovery should proceed concurrently rather than in phases unless a specific dispute later requires sequencing.

Defendant's Position:

Not provided as of filing.

C. Electronically Stored Information

Plaintiff's Position:

The parties have discussed the preservation and production of electronically stored information. Plaintiff's relevant ESI consists primarily of emails, text messages, and accommodation-related communications already preserved. Defendant's relevant ESI likely includes store management communications, HR and compliance records, vendor management systems, internal email, and text messages from store-level personnel.

Plaintiff requests that Defendant identify the primary custodians and systems containing relevant ESI, including store manager communications, district manager communications, HR and compliance databases, and vendor management platforms. ESI should be produced in a reasonably usable format, with metadata preserved where relevant.

COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN
(Fed. R. Civ. P. 26(f); LCR 26(f))

PO Box 2434 Auburn, WA 98071

Defendant's Position:

Not provided as of filing.

D. Privilege Issues

Plaintiff's Position:

The parties should follow standard privilege-log practice for withheld responsive materials. Privilege logs should be produced within thirty (30) days after the date withheld materials would otherwise have been due. Any privilege disputes should first be addressed informally and then, if necessary, through the Court's procedures.

Defendant's Position:

Not provided as of filing.

E. Proposed Limitations on Discovery

Plaintiff's Position:

Plaintiff does not presently propose limitations beyond those contained in the Federal Rules and this Court's scheduling order. Plaintiff does not presently anticipate expert discovery being extensive.

COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN
(Fed. R. Civ. P. 26(f); LCR 26(f))

PO Box 2434 Auburn, WA 98071

7

Defendant's Position:

Not provided as of filing.

F. Need for Any Discovery-Related Orders

Plaintiff's Position:

The parties may need a protective order governing confidential business information and sensitive medical records. Plaintiff proposes that any such order be narrowly tailored and preserve Plaintiff's ability to use discovered material as permitted by law.

Defendant's Position:

Not provided as of filing.

5. VIEWS, PROPOSALS, AND AGREEMENTS UNDER LCR 26(f)(1)

A. Alternative Dispute Resolution

Plaintiff's Position:

Plaintiff is open to mediation or other ADR after initial document exchange, when both sides have a more realistic picture of the evidence.

COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN
(Fed. R. Civ. P. 26(f); LCR 26(f))

PO Box 2434 Auburn, WA 98071

8

Defendant's Position:

Not provided as of filing.

B. Related Cases Pending in This or Other Jurisdictions and Proposal for Handling Them

Plaintiff's Position:

Plaintiff has an EEOC charge against Defendant, EEOC Charge No. 551-2026-03160, for which a Notice of Right to Sue was issued on May 7, 2026. Plaintiff also has other active matters involving separate defendants, but Plaintiff does not believe those matters are related for purposes of consolidation in this action.

Defendant's Position:

Not provided as of filing.

C. Phasing of Motions

Plaintiff's Position:

Plaintiff does not propose phased motion practice at this time. Dispositive motions should be filed after fact discovery is substantially complete.

COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN
(Fed. R. Civ. P. 26(f); LCR 26(f))

PO Box 2434 Auburn, WA 98071

Defendant's Position:

Not provided as of filing.

D. Preservation of Discoverable Information

Plaintiff's Position:

Plaintiff has preserved relevant emails, text messages, and accommodation-related communications. Plaintiff requests that Defendant confirm preservation of relevant ESI and hard-copy records, including store management communications, HR/compliance records, vendor management materials, and any communications referring to Plaintiff.

Defendant's Position:

Not provided as of filing.

E. Model Protocol for Discovery of ESI or Alternatives

Plaintiff's Position:

Plaintiff is willing to proceed under the Court's Model Protocol for Discovery of ESI or a reasonable alternative agreed by the parties.

COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN
(Fed. R. Civ. P. 26(f); LCR 26(f))

PO Box 2434 Auburn, WA 98071

10

Defendant's Position:

Not provided as of filing.

6. DATE BY WHICH DISCOVERY CAN BE COMPLETED

Plaintiff's Position:

December 1, 2026.

Defendant's Position:

Not provided as of filing.

7. WHETHER THE CASE SHOULD BE BIFURCATED

Plaintiff's Position:

Plaintiff does not believe bifurcation is necessary.

Defendant's Position:

Not provided as of filing.

COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN
(Fed. R. Civ. P. 26(f); LCR 26(f))

PO Box 2434 Auburn, WA 98071

11

8. DATE THE CASE WILL BE READY FOR TRIAL

Plaintiff's Position:

The case should be ready for trial by approximately April 2027, subject to the Court's schedule.

Defendant's Position:

Not provided as of filing.

9. WHETHER THE TRIAL WILL BE JURY OR NON-JURY

Plaintiff's Position:

Jury.

Defendant's Position:

Not provided as of filing.

10. NUMBER OF TRIAL DAYS REQUIRED

COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN
(Fed. R. Civ. P. 26(f); LCR 26(f))

PO Box 2434 Auburn, WA 98071

12

Plaintiff's Position:

Five (5) court days.

Defendant's Position:

Not provided as of filing.

11. DATES ON WHICH TRIAL COUNSEL MAY HAVE COMPLICATIONS

Plaintiff's Position:

Plaintiff is presently unavailable on dates already committed in other pending matters and will provide specific dates if requested by the Court.

Defendant's Position:

Not provided as of filing.

12. DATES ON WHICH EACH NON-GOVERNMENTAL CORPORATE PARTY FILED ITS CORPORATE DISCLOSURE STATEMENT

Plaintiff's Position:

Defendant filed its corporate disclosure statement on May 8, 2026.

Defendant's Position:

Not provided as of filing.

DATED this 17th  day of June, 2026.

/s/ Jeffrey Mark McMeel

JEFFREY MARK McMEEL

Plaintiff, Pro Se

PO Box 2434

Auburn, Washington 98071

themcmeel@pm.me

COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN
(Fed. R. Civ. P. 26(f); LCR 26(f))

PO Box 2434 Auburn, WA 98071

14