The Honorable Richard A. Jones

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
### SEATTLE DIVISION

JEFFREY MARK MCMEEL,

    Plaintiff,

    v.

LOWE'S HOME CENTERS LLC,

    Defendant.

Case No. 2:26-cv-01573-RAJ

JOINT STATUS REPORT AND DISCOVERY PLAN

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rule 26(f), Plaintiff Jeffrey Mark McMeel ("Plaintiff") and Defendant Lowe's Home Centers, LLC ("Defendant") submit this Joint Status Report and Discovery Plan following their Rule 26(f) conference held on May 28, 2026.

As an initial matter, Plaintiff filed a Joint Status Report on June 17, 2026, based on the parties' prior Rule 26(f) conference and the status of correspondence at that time. Defendant objected to that filing and did not join it. The parties now submit this Joint Status Report reflecting their agreed language where possible and their separate positions where necessary.

Defendant objects to the June 17, 2026 filing and contends that Plaintiff is not entitled to change deadlines and unilaterally file "joint" representations to the Court in his desire to accelerate the case schedule and begin discovery. Defendant considers this to be the Joint Status Report, as it is approved by both parties.

JOINT STATUS REPORT AND DISCOVERY PLAN - 1

## 1.    NATURE AND COMPLEXITY OF THE CASE

**Plaintiff's Statement:** This is a disability discrimination, retaliation, and civil rights action arising from Defendant Lowe's Home Centers, LLC's failure to accommodate a disabled on-site vendor representative, failure to engage in the interactive process, retaliation against protected accommodation activity, and discriminatory exclusion from multiple store locations.

Plaintiff Jeffrey Mark McMeel performed lead-generation work at Lowe's stores through a vendor relationship with Allred Heating and Cooling beginning June 22, 2025. Lowe's controlled Plaintiff's store access, on-site conditions, and whether Plaintiff could perform his work. Beginning in late July 2025, Lowe's excluded Plaintiff from store locations without fair investigation. After Plaintiff submitted written ADA accommodation requests in August 2025, Lowe's Corporate Compliance acknowledged receipt in writing on August 4, 2025, but never initiated any interactive process, never identified an ADA coordinator, and never resolved the exclusions. Post-notice hostility across four store locations followed, culminating in Plaintiff's constructive discharge in November 2025.

Plaintiff's Amended Complaint asserts seven causes of action:

- First: WLAD disability discrimination / failure to accommodate / failure to engage in interactive process (RCW 49.60.180)

- Second: WLAD retaliation (RCW 49.60.210)

- Third: WLAD discriminatory exclusion from place of public accommodation (RCW 49.60.215)

- Fourth: WLAD interference with exercise of disability rights (RCW 49.60.210 and .215)

- Fifth: ADA failure to accommodate (42 U.S.C. § 12112(b)(5)(A))

- Sixth: ADA failure to engage in interactive process (42 U.S.C. § 12112(b)(5)(A))

- Seventh: ADA retaliation and interference (42 U.S.C. § 12203(a) and (b))

This case is not unusually complex. It is a fact-intensive disability discrimination and

JOINT STATUS REPORT AND DISCOVERY PLAN - 2

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

retaliation case that will require document discovery, electronically stored information production, and depositions, but is manageable with a standard case schedule. The parties do not anticipate unusually complex expert testimony.

**Defendant's Statement:** Plaintiff was a lead generator who worked for other companies on Lowe's property. While performing these duties, Plaintiff was observed ignoring customers in favor of using his phone, which was reported to his employer. Plaintiff was never illegally denied any reasonable accommodation by Lowe's, nor was he discriminated against by Lowe's for any reason. Lowe's has also determined that Plaintiff is separately suing his actual employer at issue in state court (McMeel v. Allred Heating and Cooling, Case No. 26-2-11385-8) on the same cause of action.

Defendant agrees this is a non-complex civil litigation. Defendant denies any legal liability to Plaintiff and denies that he was subject to any illegal discrimination, harassment, or retaliation attributable to Lowe's.

Defendant agrees that this is a relatively simple case, with minimal discovery needed. No modifications to the standard schedule or orders are necessary at this time.

**2.      PROPOSED DEADLINE FOR JOINING ADDITIONAL PARTIES**

The Parties propose a deadline of July 31, 2026 for joining additional parties.

**3.      ASSIGNMENT OF THE CASE TO A MAGISTRATE JUDGE**

No.

**4.      DISCOVERY PLAN**

**A.      Exchange of initial disclosures:** The Parties' initial disclosures have been exchanged.

**B.      Subjects, timing, and potential phasing of discovery:** The Parties intend to conduct discovery on Plaintiff's claims and Defendant's defenses. The Parties do not currently anticipate the need for phasing discovery. The Parties intend to cooperate in the coordinating and scheduling of discovery. The Parties will meet and confer regarding any discovery disputes and

JOINT STATUS REPORT AND DISCOVERY PLAN - 3

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

seek relief from the Court if necessary. Discovery will commence with the filing of this Report.

**C.     Electronically stored information:** The Parties believe that this case will involve very limited amounts of Electronically Stored Information (ESI), and if necessary, the Parties will adopt the Model Agreement Regarding Discovery of ESI. The Parties are currently unaware of any issues regarding disclosure of ESI.

**D.     Privilege issues:** The Parties do not expect any unique or extensive claims of privilege. The Parties agree that the disclosure of attorney-client privileged communications and/or work product doctrine-protected materials will not waive the protection of the attorney-client privilege or work product doctrine provided that (1) the disclosure is inadvertent, (2) the holder of the privilege or protection takes reasonable steps to prevent disclosure, and (3) the holder promptly takes reasonable steps to rectify the error.  The Parties agree that the documents that the producing party believes contain privileged or protected information that were inadvertently produced will be destroyed by the receiving party or returned or sequestered under Fed. R. Civ. P. 26(b)(5)(B) until the claim of privilege or protection is resolved by the Court.

**E.     Proposed limitations on discovery:** At this time, it appears that the standard limitations on discovery imposed under Federal and Local Civil Rules should apply. If the Parties determine at a later date that discovery limitations should be adjusted, the Parties may stipulate to adjusted limitations or move the Court for relief.

**F.     Need for discovery-related orders:** At this time, the Parties have no known need for specific discovery-related orders. If the Parties determine at a later date that an order is necessary, the Parties may move the Court for relief.

**5.     VIEWS, PROPOSALS, AND AGREEMENTS ON LCR 26(f)(1)**

**A.     Alternative dispute resolution:** The Parties have agreed to explore settlement options as the case progresses. If ADR is pursued, the Parties anticipate that a private mediation is likely to be the appropriate form of ADR.

**B.     Related cases:** Plaintiff has an EEOC charge pending against Defendant, EEOC

JOINT STATUS REPORT AND DISCOVERY PLAN - 4

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

Charge No. 551-2026-03160, for which a Notice of Right to Sue was issued on May 7, 2026. Plaintiff's federal ADA claims in this action are asserted pursuant to that Right to Sue letter. Plaintiff has also filed suit against Allred Heating and Cooling in King County Superior Court on similar claims. Plaintiff has other active matters in King County Superior Court involving separate defendants; those matters are not related to this action for purposes of consolidation or coordination.

**C.      Phasing of motions:** Defendant anticipates filing an early Motion for Summary Judgment on the existence and scope of any duties owed Plaintiff, and a later Motion for Summary Judgment on remaining issues if any.

**D.      Preservation of discoverable information:** The Parties have taken and will continue to take reasonable measures to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise.

**E.      ESI protocol:** The Parties have opted not to enter into a formal stipulation or agreement to govern the exchange of ESI at this time. If necessary, the Parties anticipate using the Model Order for the Western District of Washington.

**6.      DISCOVERY DEADLINE**

The Parties have agreed on November 1, 2026, as the discovery deadline.

**7.      BIFURCATION**

There is no need for bifurcation.

**8.      TRIAL**

The Parties request that the Court set a trial date at its convenience following the close of discovery and resolution of any dispositive motions. Based on the proposed discovery cutoff of November 1, 2026, and anticipated dispositive motion practice, the Parties estimate the case will be ready for trial around April 2027.

**9.      JURY OR NON-JURY**

Plaintiff has demanded a trial by jury on all issues so triable. Plaintiff's jury demand is

JOINT STATUS REPORT AND DISCOVERY PLAN - 5

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

reflected on the docket.

**10.    TRIAL DAYS**

The parties estimate a trial of approximately five (5) court days.

**11.    SCHEDULE CONSIDERATIONS IN SETTING TRIAL DATE**

Plaintiff has one trial commitment currently set for April 5, 2027, in an unrelated state court matter. Plaintiff has no other present scheduling conflicts.

Defense counsel is unavailable for trial January through May of 2027. Any time after that period is acceptable to Defense Counsel.

**12.    CORPORATE DISCLOSURE STATEMENT**

Defendant filed its Corporate Disclosure Statement on May 8, 2026.

DATED this 26 day of June, 2026:

By: _____
Jeffrey Mark McMeel, pro se
PO Box 2434
Auburn, Washington 98071
themcmeel@pm.me

*Pro Se Plaintiff*

DATED this 26th day of ___June___, 2026:

By:   *s/ Nicholas Gillard-Byers*
Nicholas A. Gillard-Byers, WSBA No. 45707
Kirsten Parris, WSBA No. 55444
999 Third Avenue, Suite 4700
Seattle, Washington 98104-4041
Phone:   (206) 946-4910
ngillard-byers@seyfarth.com
kparris@seyfarth.com

*Counsel for Defendant*

JOINT STATUS REPORT AND DISCOVERY PLAN - 6